UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABIGAIL FRICKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-03086-JPH-MKK |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on the Plaintiff's Motion to Toll Deadline for Filing Response to Defendant's Motion for Summary Judgment, Dkt. [62]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **DENIED**.

### I.   Background

Plaintiff initiated this action in state court on November 24, 2021, and Defendant removed the matter to this Court on December 22, 2021. (Dkts. 1, 1-1). Plaintiff alleges that Defendant was negligent in maintaining a Menards store in Greenwood, Indiana, causing her to trip and fall on May 5, 2021. (Dkt. 1-1 at 1).

On March 2, 2022, the Court entered a case management plan that set a deadline of October 24, 2022, for the parties to complete non-expert discovery. (Dkt. 22). The Court conducted two telephonic status conferences with the parties on August 22, 2022, and October 13, 2022. At neither conference did Plaintiff indicate an intent to take depositions or the potential need for an extension of the non-expert

discovery deadline. (Dkts. 37, 44). On October 21, 2022, Defendant filed a motion to extend certain deadlines, including the deadline for expert discovery (but not non-expert), the Plaintiff did not oppose this request, and the Court granted the request for deadline extensions on November 7, 2022. (Dkts. 46, 49, 50).

On December 22, 2022, Defendant filed its Motion for Summary Judgment. (Dkt. 54). On January 9, 2023, Plaintiff filed the present motion to extend the deadline to respond to Defendant's summary judgment motion so that Plaintiff could conduct two depositions of Defendant's employees. (Dkt. 62). Defendant filed a response on January 12, 2023. (Dkt. 65).

## II. Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). In other words, "the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Stewardson v. Cass Cty.*, No. 3:18-cv-958-DRL-MGG, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020).

A post-deadline extension may only be permitted when a party failed to act "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Neglect is generally not excusable when a party should have acted before the deadline, *see Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010), or when a party's lack of

diligence is to blame for its failure to secure discoverable information, *see Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002).

### III. Discussion

Plaintiff styled her motion as a request to extend the deadline to respond to Defendant's motion for summary judgment. As the Defendant points out, however, this motion also necessitates that the non-expert discovery deadline be reopened and extended. (Dkt. 65 at 2-3). Before considering whether Plaintiff has demonstrated a need for additional time to respond to the Defendant's motion, the Court must first determine whether Plaintiff has demonstrated good cause to reopen and extend the discovery deadline.

Defendant maintains that the Plaintiff has failed to establish good cause or the requisite excusable neglect necessary for reopening and extending the non-expert discovery deadline. (Dkt. 65 at 6-9). In her motion, Plaintiff does not acknowledge that the non-expert discovery deadline needs to be reopened; instead, she focuses on the need to take depositions of Defendant's two identified employees by stating that Defendant's motion "relies in part on the newly disclosed testimony/affidavit of its employee, Kenney [sic] Arthur" and "has identified Christian White as an employee having information about the incident and/or the scene." (Dkt. 62 at 1). Both employees, however, were identified in Defendant's initial disclosures on April 21, 2022, and in its responses to Plaintiff's discovery requests that were served on September 6, 2022. (Dkt. 65 at 7-8). Plaintiff provides no other reason for the need to take the depositions of Mr. White or Mr. Arthur. Nor

does Plaintiff provide any additional justification to the Court for reopening and extending the non-expert discovery deadline.[1]

The Court first acknowledges that there would be some, but likely not overwhelming, prejudice to Defendant in extending the discovery deadline, largely because there is no trial date currently scheduled. It is also recognized that the depositions of Defendant's two employee witnesses are likely helpful discovery for this premises liability case. Any concerns about the ability to complete such discovery, however, are outweighed by Plaintiff's lack of diligence in seeking an extension of the discovery deadline and the potential prejudice to Defendant as to the already-filed summary judgment motion.

It does not appear that Plaintiff took any depositions during the one year that this case was pending in this Court. Instead, Plaintiff waited until after the non-expert discovery deadline had closed and Defendant had already filed its Motion for Summary Judgment to notice the depositions of Mr. Arthur and Mr. White. Plaintiff was not diligent in seeking this discovery or in seeking to reopen and extend the non-expert discovery deadline. Moreover, Plaintiff's motion is entirely devoid of any explanation or reason that would justify a deadline extension. As such, the Undersigned finds that the Plaintiff has not demonstrated good cause

---

[1] At this point, any argument raised by the Plaintiff in its reply would be raised for the first time and, thus, cannot be considered. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *see also Gre-Ter Ent., Inc. v. Mgmt. Recruiters Int'l*, 329 F. Supp. 3d 667, 683-84 (S.D. Ind. 2018) ("First, new arguments may not be raised in a reply.").

or any excusable neglect to reopen and extend the discovery deadline. Plaintiff's motion is thus denied.

### IV. Conclusion

Plaintiff failed to establish good cause or any excusable neglect necessary for reopening the discovery deadline and, thus, has not established the need for extending the deadline to respond to Defendant's Motion for Summary Judgment. Accordingly, Plaintiff's Motion to Toll Deadline for Filing Response to Defendant's Motion for Summary Judgment, Dkt. [62], is hereby **DENIED**. Plaintiff shall respond to the Defendant's Motion for Summary Judgment on or before **January 19, 2023**.

So ORDERED.

Date: 1/12/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email